UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD R. VICTORIAN

CIVIL ACTION

VERSUS

NO: 09-5866

VALERO ST. CHARLES REFINERY
VALERO REFINING-NEW ORLEANS,
L.L.C., VALERO ENERGY CORP.

SECTION: "J"(1)

## ORDER AND REASONS

Before the Court is a Motion to Vacate Arbitration Award **(Rec. Doc. 19)**, filed by Plaintiff, Donald Victorian. Defendants, Valero Refining-New Orleans, L.L.C., d/b/a Valero St. Charles Refinery, Valero Energy Corp., and Valero Services, Inc. (collectively, "Valero"), oppose the motion. (Rec. Doc. 28) Plaintiff has replied. (Rec. Doc. 32) On November 7, 2012, the motion was submitted to the Court on the briefs. Having considered the motion, the memoranda, the record, and the applicable law, the Court now finds that Plaintiff's motion **(Rec. Doc. 19)** should be **DENIED**.

Plaintiff filed suit against Valero alleging that he was terminated by Valero on the basis of race in violation of Title VII of the 1964 Civil Rights Act and La. R.S. 23:301 et seq. Valero claimed that Plaintiff was terminated from his position as a lead lab tech for falsifying company documents by reporting fictitious lab results. Pursuant to a mandatory arbitration agreement between the parties, the matter was submitted to arbitration on October 3-5, 2011 and December 20-21, 2011. The parties submitted post-

hearing briefing between March and May 2012. On June 19, 2012, the arbitrator issued a ruling finding in favor of Valero on all claims. Plaintiff now seeks to vacate the arbitration award pursuant to § 10 of the Federal Arbitration Act ("FAA").

Section 10 of the FAA provides the exclusive grounds for vacatur of an arbitration award under the FAA. Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008); Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 350 (2009) ("from this point forward, arbitration awards under the FAA may be vacated only for reasons provided in § 10"). The Fifth Circuit has explained:

> Under § 10, courts are permitted to vacate an arbitration award
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Id. at 352 (citing 9 U.S.C. § 10(a)).

Plaintiff argues that there are three bases upon which the Court may vacate the arbitrator's decision in favor of Valero.

2

First, Plaintiff argues that the Court should vacate the award under § 10(a)(2), because the arbitrator's award and written reasons reflect evident partiality by the arbitrator in favor of Valero.[1] Plaintiff asserts that "the most glaring example of this is the arbitrator's acceptance of Defendants' characterization of the evidence without any analysis of or, in most cases, even a reference to Plaintiff Victorian's evidence." Plaintiff also accuses the arbitrator of ignoring allegedly uncontroverted evidence that he did not and would not intentionally post inaccurate results.[2]

Second, Plaintiff argues that the arbitrator's alleged refusal to expressly acknowledge or discuss the evidence Plaintiff presented at the hearing constituted a "refusal to hear evidence pertinent and material to the controversy" within the meaning of § 10(a)(3). Third, Plaintiff alleges that the arbitrator failed to decide the case in accordance with the applicable law.

### DISCUSSION

The Court agrees with Defendant that Plaintiff has failed to establish any of the statutory grounds for vacatur of an arbitration award and is instead improperly seeking review of the

---

[1] (Mem. in Supp., Rec. Doc. 19-1, pp. 1-2, 6-7).

[2] (Mem. in Supp., Rec. Doc. 19-1, p. 2) ("Madame Arbitrator turned a blind eye and deaf ear to the *uncontroverted* evidence proffered by Victorian that he would not and did not intentionally post inaccurate results. To reach her finding, Madame Arbitrator relied almost exclusively on the testimony of Greg Burns, the Valero's lab director who knew absolutely nothing about the lab he oversaw at the time.") (emphasis added).

merits of the underlying claim.

**A. Evident Partiality under Section 10(a)(2) of the FAA**

First, Plaintiff's allegations that (a) the arbitrator refused to expressly acknowledge or discuss evidence Plaintiff presented,[3] and (b) that the arbitrator ignored uncontroverted evidence in his favor, do not satisfy his burden of showing "evident partiality" within the meaning of § 10(a)(2). The Fifth Circuit has explained that:

> [t]o establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.' This is an 'onerous burden,' because the urging party must demonstrate that the alleged partiality is 'direct, definite, and capable of demonstration rather than remote, uncertain, or speculative.'

Householder Grp. v. Caughran, 354 F. App'x 848, 852 (5th Cir. 2009)(citing Weber v. Merrill Lynch Pierce Fenner & Smith, Inc., 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006)). Furthermore, the cases in which courts have granted vacatur on the basis of "evident partiality" involve some form of relationship between the arbitrator and a party to the arbitration. Positive Software

---

[3] (Mem. in Supp., Rec. Doc. 19-1, p. 7) ("The arbitrator also accepted the testimony as characterized by Defendants' witnesses. *The arbitrator did not address Plaintiff's responses to Defendants' characterization of the evidence or acknowledge the evidence in Plaintiff's favor.* For instance, the arbitrator accepted Defendants' assertion that there was no other explanation other than that Plaintiff falsified results he entered into the LIMS system. However, Plaintiff presented evidence that he had no intention of falsifying test results, and that the lab equipment that analyzed and documented those same test results continually malfunctioned. The arbitrator failed to even acknowledge Plaintiff's refutation of Defendants' 'evidence,' much less explain why he found it to not be worthy of any consideration whatsoever.")

<u>Solutions, Inc. v. New Century Mortgage Corp.</u>, 476 F.3d 278, 284 (5th Cir. 2007) (collecting cases). Plaintiff has neither directed the Court's attention to any precedent granting vacatur based on "evident partiality," in the absence of some relationship between the arbitrator and a party nor alleged that there was any relationship at all between the arbitrator and Valero, instead relying entirely on the arbitrator's written reasoning to support his "evident partiality" argument.

In <u>Householder Group</u>, a party moved to vacate an arbitration award on the grounds of "evident partiality" arguing that the arbitration panel's rulings were one-sided and against him and that the arbitration panel wanted him to lose despite the overwhelming evidence in his favor. <u>Id.</u> The Fifth Circuit rejected these arguments as "speculative assertions" that were "insufficient to establish that vacatur is warranted under Section 10(a)(2)." <u>Id.</u> Given that the assertions Plaintiff makes in the instant motion are essentially the same, the Court finds that they are insufficient to warrant vacatur under Section 10(a)(2).

Moreover, the Court finds that in this case, Plaintiff has failed to produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to one party. The arbitrator's reliance on certain testimony merely reflects the arbitrator's credibility determinations. Although Plaintiff asserts that the arbitrator ignored *uncontroverted*

evidence that he did not intentionally post inaccurate results, he actually concedes in his memorandum in support of his motion to vacate that his testimony *was controverted* by the testimony of Valero witnesses:

> Madame Arbitrator turned a blind eye and a deaf ear to the *uncontroverted* evidence proffered by Victorian that he would not and did not intentionally post inaccurate results. *To reach her finding, Madame Arbitrator relied almost exclusively on the testimony of Greg Burns*, the Valero's lab director who knew absolutely nothing about the lab he oversaw at the time ... *according to Defendants*, instead of heeding the grave, final warning that he had just been issued, *Victorian* suddenly and inexplicably *began falsifying lab test results* . . . Specifically, according to Defendants, Victorian reported lab test results on samples without ever running the corresponding tests ... and reported results from an instrument incapable of performing the test allegedly run ... Burns reached the following conclusion: 'I don't know exactly what he did that night, but he didn't run the samples per the protocol we had established on the machines that were capable or running it, and there was no data to back up the information we had in the our [sic] LIMS database ... the only thing I came up with is that he had to have made it up.'

(Mem. in Supp., Rec. Doc. 19-1, pp. 2-3). Although Plaintiff attacks Burns' credibility and the arbitrator's reliance on his testimony[4] the Court lacks authority to disturb the arbitrator's credibility determinations and thereby substitute its judgment for that of the arbitrator. Ameser v. Nordstrom, Inc., 442 F. App'x 967, 971 (5th Cir. 2011) ("Our case law makes clear that we are not to substitute our judgment with that of the arbitrator."); Tassin v. Ryan's Family Steakhouse, Inc., 509 F. Supp. 2d 585, 590 (M.D.

---

[4] (Mem. in Supp., Rec. Doc. 19-1, p. 2).

La. 2007) ("The Court is not in a position to question the credibility assessments made by the panel.")

In addition, given that arbitrators are not required to give reasons for or explain their decisions,[5] the Court finds that an arbitrator's alleged failure to explain why they relied on some evidence more than other evidence does not provide a basis for vacatur of an arbitration award. Awarding vacatur in such situations would "seriously jeopardize the finality of arbitration," by allowing parties to challenge the award every time they disagreed with an arbitrator's credibility determinations, a scenario that the Fifth Circuit has refused to sanction. See Positive Software Solutions, Inc., 476 F.3d at 285.

**B. Refusal to Hear Evidence Pertinent and Material to the Controversy Under Section 10(a)(3) of the FAA**

Plaintiff faults the arbitrator for a "refusal to acknowledge pertinent and material evidence presented by Plaintiff," without directing the Court's attention to any evidentiary errors or evidence excluded by the arbitrator. Instead, Plaintiff generally attacks the arbitrator's credibility determinations and complains that the arbitrator paid insufficient attention to the evidence Plaintiff presented at the hearing. This argument is meritless.

---

[5] Antwine v. Prudential Bache Securities, Inc., 899 F.2d 410, 412 (5th Cir. 1990) (citing United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960)) ("It has long been settled that arbitrators are not required to disclose or explain the reasons underlying an award.")

7

Arbitrators are only required to give each of the parties an adequate opportunity to present their evidence and argument; they are not bound to hear all of the evidence tendered by the parties. Householder Grp., 354 F. App'x at 851. Moreover, an evidentiary error does not provide a basis for vacatur under Section 10(a)(3) unless it "so affects the rights of a party that it may be said that he was deprived of a fair hearing." Id. The record demonstrates that Plaintiff was granted an adequate opportunity to present evidence and argument; Plaintiff has not pointed to a single evidentiary error or even an instance where the arbitrator excluded pertinent, material evidence, much less demonstrated that any error rose to the level of depriving him of a fair hearing. As discussed above, the Court will not disturb the arbitrator's credibility determinations.

**C. Failure to Decide the Case in Accordance with Applicable Law**

Plaintiff's third argument, that the arbitrator failed to decide the case in accordance with the applicable law,[6] is insufficient to warrant vacatur of the arbitration award. Prior to Citigroup Global Markets,[7] the Fifth Circuit recognized "manifest

_____

[6] (Mem. in Supp., Rec. Doc. 19-1, pp. 6-7) ("The arbitrator clearly failed to decide the case in accordance with the applicable law ... The arbitrator relied on the wrong legal standard for determining whether Plaintiff was 'similarly situated' to his comparator, Conrad Cooper).

[7] In Citigroup Global Markets, in light of the Supreme Court's decision in Hall, the Fifth Circuit held (a) that § 10 provides the exclusive bases for vacatur of an arbitration award under the FAA and (b) that "manifest disregard

disregard of the law," as an independent, nonstatutory basis to vacate an arbitration award under the FAA.[8] However, the Fifth Circuit has never recognized an arbitrator's mere failure "to decide the case in accordance with the applicable law," or legal error, as sufficient to warrant vacatur. Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 354 (5th Cir. 2004), overruled on other grounds, Citigroup Global Markets, Inc., 562 F.3d at 358 (acknowledging that arbitrator's failure to follow the law is not recognized in the Fifth Circuit as a basis for vacatur of an arbitration award). Plaintiff, relying on Reed v. Florida

---

of the law is *no longer an independent ground* for vacating arbitration awards under the FAA." 562 F.3d at 350, 358 ("In light of the Supreme Court's clear language that, under the FAA, the statutory provisions are the exclusive grounds for vacatur, manifest disregard of the law as an independent, nonstatutory ground for setting aside an award must be abandoned and rejected.")The Court reads Citigroup Global Markets, Inc. to leave open the possibility that conduct by an arbitrator constituting "manifest disregard of the law," as previously defined by the Fifth Circuit, might also constitute an instance where the arbitrator "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," within the meaning of § 10(a)(4). Id. at 357-58. (vacating the district court judgment to determine whether "the grounds asserted for vacating the award" (manifest disregard of the law) might support vacatur under any of the statutory grounds). However, given that Plaintiff argues neither that the arbitrator acted in "manifest disregard of the law," nor "exceeded her powers," under § 10(a)(4), it is unnecessary to consider whether the conduct alleged provides a basis for vacatur under § 10(a)(4).

[8] To satisfy that standard, a litigant was required to show:

'more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay not attention to it.'

Kergosien, 390 F.3d at 355 (quoting Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 395 (5th Cir. 2003)), overruled, Citigroup Global Markets, Inc., at 562 F.3d at 358.

<u>Metropolitan University Inc.</u>, 681 F.3d 630, 637 (5th Cir. 2012), asserts that "an arbitrator's failure to decide a case in accordance with the applicable law may constitute grounds for vacating the award if that failure is made clearly to appear." However, in response to a nearly identical argument, Judge Africk recently observed:

> <u>Reed</u> has been abrogated. <u>Oxford Health Plans LLC v. Sutter</u>, No. 12-135, 2013 WL 2459522 (U.S. June 10, 2013). As the Supreme Court observed, 'convincing a court of an arbitrator's error — even his grave error — is not enough....'

<u>White v. Valero Refining New Orleans, LLC</u>, No. 11-1014, 2013 WL 3154731, at *5 (E.D. La. June 19, 2013).

Thus, the Court lacks the authority to vacate the award on the basis of a mere error of law. Although Plaintiff clearly disagrees with the arbitrator's decision, a party's disagreement with the arbitrator's decision, absent some statutory basis, does warrant vacatur. <u>Bailey v. Northrop Grumman Ship Systems, Inc.</u>, No. 08-4685, 2011 WL 378774, at *2 (E.D. La. Feb. 2, 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Arbitration Award **(Rec. Doc. 19)** is **DENIED**.

New Orleans, Louisiana, this 21st day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE